(July 11, 1975)

■ In the Matter of JOEL L. BLUMENFELD, as Attorney for LOUIS VEGA, Petitioner, v BERNARD DUBIN, as Justice of Supreme Court of the State of

New York, et al., Respondents.—Proceeding pursuant to CPLR article 78 to prohibit the enforcement of an order of the Supreme Court, Queens County, dated June 25, 1975, which denied petitioner's motion to vacate a prior order of the same court, dated May 30, 1975, which prior order, *inter alia,* directed that petitioner be turned over to the District Attorney of Queens County for the purpose of conducting a lineup and that petitioner's beard be shaved. Petition dismissed, without costs. Petitioner is confined to the Bronx House of Detention in connection with an unrelated offense and has grown a beard. A photograph of him in which he appears without a beard was identified on two occasions in May, 1975 by four persons in relation to certain robberies committed the preceding month in Queens County. However, these persons were subsequently unable to identify him when he was placed in a lineup with others who also wore beards. On May 30, 1975, respondent Justice Dubin, sitting in Criminal Term in Queens County, signed an ex parte order upon the application of respondent District Attorney of Queens County, directing that petitioner be removed to that county to appear in a lineup there with his beard removed. At Criminal Term's direction, the District Attorney notified petitioner's counsel of the time and place of the removal of the beard and of the lineup. After considering affidavits submitted by petitioner's counsel, and on the court's finding that the District Attorney had established probable cause sufficient to warrant an arrest of petitioner, and after hearing oral argument, petitioner's motion to vacate the ex parte order was denied. Petitioner then commenced this proceeding, in the nature of prohibition, to prevent the enforcement of the order of May 30, 1975. As the petitioner has neither been arrested nor indicted, and as no accusatory instrument has been filed against him, the proceeding is "essentially civil in character" and the order of June 25, 1975 is appealable (see *Matter of District Attorney of Kings County v Angelo G. [Anonymous],* 48 AD2d 576). Therefore, prohibition to prevent the enforcement of the prior order will not lie (CPLR 7801, subd 1). In dismissing the petition, we do not reach the merits. Our disposition is without prejudice to an application by petitioner for a stay in the event that the petitioner appeals and applies for such relief. Gulotta, P. J., Hopkins, Latham and Benjamin, JJ., concur.